UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STANLEY-EARL DAVIS JR: BENEFICIARY,

                    Plaintiff,

         - against -

KAREN SAAB-DOMINGUEZ,
ALEXANDER H. GILLESPIE,
ANDREW SIBEN, and
SUSAN CONNOLLY,

                   Defendants.[1]
------------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-6658 (PKC) (AYS)

PAMELA K. CHEN, United States District Judge:

Stanley Earl Davis ("Plaintiff") filed the above-captioned *pro se* action on behalf of himself and the estate of his deceased son, Stanley Earl Davis Jr.[2] Plaintiff asserts claims under, *inter alia*, 42 U.S.C. §§ 1983, 1985, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On October 11, 2023, the Court dismissed the action for Plaintiff's failure to submit an *in forma pauperis* ("IFP") application or to pay the filing fee. (*See* 10/11/2023 Docket Order.) On October 16, 2023, the Court vacated its 10/11/2023 Order and

---

[1] The Court notes that, although Defendant Gillespie's name is listed in the Complaint and in the case caption of the docket as "H Alexander Gillesapie," publicly available documents filed in a previous action brought by Plaintiff make clear that Plaintiff misspelled Mr. Gillespie's name in his Complaint. *See, e.g.*, *Davis v. Gillespie*, No. 22-CV-6207 (PKC), Dkt. 17. Therefore, the Court refers to Mr. Gillespie using his name's correct spelling rather than the spelling currently listed in the case caption. Additionally, the Complaint is unclear as to whether Plaintiff is asserting claims against Siben & Siben, Andrew Siben, or both; however, the Court construes the Complaint as solely raising claims against Mr. Siben in his individual capacity, based on Plaintiff's Civil Cover Sheet. (*See* Dkt. 1, at 3.)

[2] In general, an individual not licensed as an attorney may not appear on another person's behalf in the other's cause. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

1

granted Plaintiff's IFP application, which was filed on October 12, 2023. (*See* 10/16/2023 Docket Order; *see also* Dkt. 8.) For the reasons discussed below, this action is dismissed.

## BACKGROUND

Plaintiff's Complaint, though lengthy and difficult to decipher, raises claims stemming from the tragic circumstances surrounding the 2010 killing of Plaintiff's son, Stanley Earl Davis Jr., at the Commack Hotel in Long Island. Plaintiff has brought numerous state and federal actions relating to his son's death.[3] In the current action, Plaintiff names four Defendants, Karen Saab-Dominguez ("Saab-Dominguez"), Alexander G. Gillespie ("Gillespie"), Andrew Siben ("Siben"), and Susan Connolly ("Connolly"). Defendants are attorneys who were involved in litigation brought by Plaintiff in the aftermath of his son's killing. Defendants Saab-Dominguez, Gillespie, and Siben are private attorneys (collectively, the "Private Attorney Defendants"), while Defendant Connolly is an Assistant Attorney General for New York State. As best as can be determined from the Complaint, Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and *Bivens* for violations of, *inter alia*, 18 U.S.C. § 1519 and Federal Rules of Civil Procedure 26 and 37, and seeks monetary damages. (*See* Complaint ("Compl."), Dkt. 7, at ECF 3–5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3] The docket numbers of the related actions that Plaintiff has brought in federal court are: 15-CV-7009; 18-CV-303; 21-CV-456; 21-CV-2238; 22-CV-6207; 22-CV-6438; 22-CV-6472. Additionally, the procedural history of Plaintiff's various state court actions may be found in Judge Joan M. Azrack's July 2022 Order *sua sponte* dismissing Plaintiff's complaint, which arose out of similar facts. *See Davis v. Suffolk Cnty. Dist. Att'y*, No. 21-CV-2238 (JMA) (ARL), 7/18/2022 Order, Dkt. 14, at ECF 2–3. The Court notes that citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In addition to alleging sufficient facts to state a plausible claim for relief, under Federal Rule of Civil Procedure 8, a plaintiff must provide a short, plain statement of the claims against each named defendant.  *Id.* ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (citations and internal alterations omitted).

In reviewing a *pro se* complaint, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  At the same time, the court must dismiss a case filed by an IFP plaintiff if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action is "frivolous" when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and alternations omitted).

## DISCUSSION

### I. Plaintiff's Claims Under Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected,

3

any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

To state a Section 1983 claim, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). "Even a private individual, however, may be liable under § 1983 if he conspired with state actors." *Cunningham v. Fisch*, No. 1-CV-1123 (DC), 2001 WL 1313518, at *3 (S.D.N.Y. Oct. 26, 2001) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Here, Plaintiff's Section 1983 claims against Defendants Saab-Dominguez, Gillespie, and Siben fail because they are all private attorneys beyond the reach of Section 1983 liability. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not

4

state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-CV-5430 (KAM) (LB), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see also Cunningham*, 2001 WL 1313518, at *4 ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981))). Moreover, even reading the Complaint liberally, Plaintiff fails to plead any plausible facts that suggest the Private Attorney Defendants were involved a Section 1983 conspiracy.

Further, a government attorney, such as Defendant Connolly, is absolutely immune from a suit for damages under Section 1983 when the attorney is "functioning as an advocate of the state in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006); *Malek v. New York Unified Ct. Sys.*, No. 22-CV-5416 (HG) (RER), 2023 WL 2429528, at *13 (E.D.N.Y. Mar. 9, 2023), *appeal dismissed*, No. 23-550 (2d Cir. July 7, 2023). Plaintiff's claims against Defendant Connolly appear to be based on her role in representing the State of New York in Plaintiff's prior civil actions. (*See, e.g.*, Compl., Dkt. 7, at ECF 4 (alleging that Defendant Connolly hid and lied about evidence in prior litigation arising out of the death of Plaintiff's son).) As such, Defendant Connolly is immune from Plaintiff's suit for monetary damages under Section 1983. *See, e.g.*, *Iacobi v. Murray*, No. 22-CV-2245 (RPK) (LB), 2023 WL 5596200, at *1 (E.D.N.Y. Aug. 29, 2023).

Accordingly, Plaintiff's Section 1983 claims are dismissed for failure to state a claim upon which may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**II.     Plaintiff's Claims Under Section 1985**

To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;

5

(3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007); *Guillen v. City of New York*, 625 F. Supp. 3d 139, 159 (S.D.N.Y. 2022) (quoting same).  A plaintiff must also show that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Cine SK8, Inc.*, 507 F.3d at 791.  Mere conclusory or general allegations are insufficient to state a claim of conspiracy.  *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." (citation omitted)).

      Here, Plaintiff has failed to plead any plausible facts to support his allegations that Defendants acted in concert to deprive him of his rights.  To state a viable conspiracy claim, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks and citations omitted); *Malek*, 2023 WL 2429528, at *9 (quoting same).  "Claims of conspiracy that are vague and provide no basis in fact must be dismissed." *Manko*, 2012 WL 213715, at *5.  At most, Plaintiff alleges that the Private Attorney Defendants "knew that [Defendant Connolly] was frauding mr davis [sic] . . . to help cover up a crime." (Compl., Dkt. 7, at ECF 4.)  This is plainly insufficient.  Accordingly, Plaintiff's claims under Section 1985 are dismissed for failure to state a claim upon which relief may be granted.

### III. Plaintiff's *Bivens* Claims

It is well-established that the purpose of a *Bivens* claim is to hold individual federal defendants accountable for conduct that violates a plaintiff's constitutional rights. *See Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) ("The purpose of the *Bivens* remedy 'is to deter individual federal officers from committing constitutional violations.'" (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001))); *accord F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Here, Defendants Saab-Dominguez, Gillespie, and Siben are private attorneys, and Defendant Connolly is an attorney for the State of New York. Because Defendants are not federal officers, Plaintiff's *Bivens* claims fail and are dismissed for failure to state a claim upon which relief may be granted.

### IV. Plaintiff's Other Claims

Plaintiff seeks to bring a claim pursuant to 18 U.S.C. § 1519 (destruction, alteration, or falsification of records). Plaintiff's claim fails because federal criminal statutes, such as 18 U.S.C. § 1519, do not provide a private cause of action. *See Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order); *Davis v. Gillespie*, No. 22-CV-6207 (PKC) (JRC), 2023 WL 5002553, at *6 (E.D.N.Y. Aug. 4, 2023) ("Though Plaintiff raises a claim under 18 U.S.C. § 1519, he is unable to bring such a claim because that statute does not provide for a private cause of action." (citing *Hardy-Graham v. Southampton Just. Ct.*, No. 20-CV-981 (JS) (SIL), 2021 WL 260102, at *3 (E.D.N.Y. Jan. 25, 2021))). Accordingly, Plaintiff's 18 U.S.C. § 1519 claim is dismissed.

Finally, to the extent Plaintiff argues that Defendants violated Federal Rules of Civil Procedure 26 and 37—governing discovery and disclosure rules in civil litigation—that claim is not actionable in this case because this Court may only enforce discovery under the Federal Rules in cases before it, not in state court proceedings. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] govern the procedure in all civil actions and proceedings in the United States district courts[.]"). Since Plaintiff seeks disclosure of materials relating to a state court criminal action, this Court cannot take any action under Rule 26 or 37. *See Davis*, 2023 WL 5002553, at *6.

## V. Denial of Leave to Amend

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). In light of Plaintiff's present claims and history of filing similar lawsuits arising out of the same facts and circumstances, the Court concludes that granting Plaintiff leave to amend would be futile and declines to do so.

## FILING INJUNCTION WARNING

Federal courts have limited resources, and frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting

personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted). Although the Court is sympathetic to Plaintiff's circumstances and grief, Plaintiff may not continue to file meritless suits stemming from the aftermath of his son's death.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see, e.g.*, *Hussey v. D'Emic*, No. 23-CV-2752 (PKC), 2023 WL 3984344, at *1 (E.D.N.Y. June 12, 2023).

## CONCLUSION

For the reasons explained above, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. Moreover, Plaintiff is warned that future filing of frivolous litigation stemming from the death of his son may result in a filing injunction. The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 26, 2023
      Brooklyn, New York

9